## Hardin Oil Company v. Spencer.

(Decided January 25, 1924.)

### Appeal from Allen Circuit Court.

Mines and Minerals—Contract Held to Constitute Lease and Not Option.—An oil lease, reciting consideration of $1.00, and another instrument simultaneously executed reciting that lessee was to pay $50.00 for the lease, and, if he did not pay it in 30 days, lessors might declare the lease void, held a lease and not a mere option.

H. L. JAMES for appellant.

OLIVER & DIXON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

On and prior to the 29th of May, 1919, Noble Brunson and his wife were the owners of two acres of land at

Gainesville, Allen county. On that day they executed an oil and gas lease on the same to W. L. Spencer to remain in force for a term of five years, or as long as oil or gas should be produced thereon. The recited consideration in the lease is one dollar, and the delivery to the lessors of one-eighth of the oil produced thereon, as well as certain provisions as to the compensation in the event gas should be found.

While it is not mentioned in the lease, simultaneously with its execution, Spencer executed to them the following writing:

> "I have this day leased two acres of land from Noble Brunson and wife, being the same land they bought from C. S. Williams in Gainesville Telephone Switch Board, for the sum of $50.00, if the $50.00 is not paid in 30 days the said lease is null and void. This May 29, 1919."

On the 10th of June, 1919, Brunson and wife conveyed the two acres of land to Harman. On the 28th of June and within the 30 days mentioned in the writing copied, Spencer paid to Brunson and wife the $50.00, and thereafter Spencer on the first day of July, 1919, had his lease recorded. On February 29, 1920, Harman and wife sold and conveyed the lot to Calvert, and on the 17th of March, 1920, Calvert and wife executed and delivered to Brownfield an oil and gas lease on the land, and Brownfield thereafter assigned the lease to the Hardin Oil Company. While on the 10th of June, 1919, when the conveyance was made from Brunson and wife to Harman, the lease which they had previously executed to Spencer had not been recorded, it is convincingly shown by the evidence that before that day Harman had knowledge of the fact that Spencer had some sort of writing executed to him by Brunson and wife and claimed thereunder to have either an option for a lease or a lease upon the same. Certainly he had such information as put him upon inquiry as to the rights of Spencer.

Thereafter the Hardin Oil Company claiming its lease from Calvert to be valid, and that Spencer's lease from Brunson was invalid, threatened to go upon the two acres of land with a drilling machine and exercise the right to drill, whereupon Spencer instituted this equitable action asking to have the Calvert lease held by the company declared invalid, and that it be adjudged the lease held by

him was valid, and that plaintiff's title under the Brunson lease be quieted.

The chancellor granted the prayer of the petition, cancelled the lease from Calvert to Brownfield, under which the Hardin Oil Company claimed, and quieted the title of the plaintiff, and from that judgment this appeal is prosecuted.

The contention for appellant is that the lease executed by Brunson and wife to Spencer when interpreted in the light of the simultaneous writing that day executed by Spencer to Brunson and wife was only an option, and that as an option passes no title, when they on the 10th of June conveyed the property to Harman the latter took it free from any rights of Spencer. This contention is based upon the misconception that the writing delivered to Brunson by Spencer did not bind Spencer to pay any sum whatever, but only gave him the right or privilege within the 30 days to acquire a valid lease on the two acres by the payment of the $50.00. Clearly this is error, for the writing recites that Spencer had leased the two acres of land "for the sum of $50.00," and there is appended to that recitation the further provision that if the $50.00 is not paid in 30 days the lease shall be null and void. In other words, Spencer had leased from Brunson and wife the two acres under the terms of the written lease, and outside of the recitals in the lease he had agreed to pay them $50.00 as a bonus for the same, with the further understanding that if he did not pay the bonus within thirty days they had the election to declare the lease null and void.

Clearly if at the expiration of the thirty days the $50.00 had not been paid, Brunson and wife either could have elected to declare the lease void, or they could have elected to enforce the collection of the $50.00 and thereby have ratified the lease.

It was not provided in that writing that Spencer might pay the $50.00 within the thirty days, or that he might decline to pay it; but he recited the fact that he was to pay $50.00 for the lease, and in addition, for the benefit of the lessors recited the additional agreement that if he did not pay it in thirty days they might declare the lease void. The latter provision appears to have been inserted solely for the benefit of the lessors, and not for the purpose of enabling Spencer to take the lease or not take it as he might see proper within the thirty days.

Spencer's obligation was not a matter of election. He had already accepted a lease, and he was merely giving an obligation to pay the consideration for that lease within a specified time, or suffer a cancellation of the same by the lessors.

Upon the payment of the $50.00 within the thirty days the transaction was closed, and thereafter the lessors had no right of election whatsoever, and Spencer never had any such right.

It was neither an option, nor was it a unilateral contract. It was merely a lease with the provision if the lessee did not pay the consideration within a given time the lessor might exercise the right to declare it void.

As Harman had actual notice of Spencer's claim before he accepted the conveyance from Brunson, and as Calvert, Brownfield and the Hardin Oil Company each had constructive notice of the lease by reason of its recordation long before their several purchases, it is apparent no question of innocent purchase is presented.

Judgment affirmed.